[S. F. No. 5333. In Bank.—August 25, 1910.]

THOMAS FROWLEY et al., Petitioners, v. SUPERIOR COURT OF THE COUNTY OF MODOC et al., Respondents.

CONTEMPT WITHOUT PRESENCE OF COURT—SUFFICIENCY OF AFFIDAVIT—JURISDICTION—VOID JUDGMENT.—In a proceeding to punish for a constructive contempt of court, committed without its presence, the affidavit which is made the basis of the proceeding should show upon its face the acts which constitute the contempt. In the absence of such showing, the court is without jurisdiction to proceed in the matter, and any judgment of contempt based thereon is void, and will be so declared upon *certiorari.*

ID.—CONTEMPT PROCEEDINGS ARE OF CRIMINAL NATURE.—Proceedings in contempt are of a criminal nature, and no intendments or presumptions are to be indulged in in aid of the sufficiency of a complaint.

ID.—JUDGMENT PLACING MINOR ON PROBATION—DIRECTION AGAINST FURNISHING LIQUOR TO PROBATIONER—AFFIDAVIT FOR CONTEMPT.—Where a judgment placing a minor on probation under the juvenile

act provided that it should be a contempt of court for any person "to furnish, or cause to be furnished to him" any intoxicating liquor, an affidavit in contempt proceeding to punish a person for a violation of the judgment must specifically allege that the accused "furnished" or "caused to be furnished" liquor to the probationer. A mere allegation that they drank intoxicating liquors together is insufficient.

ID.—KNOWLEDGE OF ORDER OF COURT ESSENTIAL TO CONTEMPT.—The affidavit in such contempt proceedings is fatally defective if it fails to allege that the accused had any notice or knowledge of the existence of the order of the court at the time it is claimed he violated it.

ID.—PROOF OF KNOWLEDGE ON HEARING—STIPULATION AS TO KNOWLEDGE—CERTIORARI.—Such defect goes to the jurisdiction of the court, and is not cured by proof of knowledge of the order on the hearing in the contempt proceeding, nor, in a proceeding in *certiorari* to review a judgment punishing for the contempt, is it obviated by a stipulation then entered into by the district attorney and the attorney for the accused in the contempt proceeding, to the effect that the accused had such knowledge.

ID.—AUTHORITY OF ATTORNEY—TERMINATION OF CONTEMPT PROCEEDINGS.—The authority of the attorney for the accused in the contempt proceeding ceased with the termination of such proceeding, and he had no authority thereafter to stipulate as to anything relative to that proceeding so as to bind the accused.

WRIT OF REVIEW to annul a judgment of the Superior Court of Modoc County in contempt proceedings. John E. Raker, Judge.

The facts are stated in the opinion of the court.

H. M. Anthony, for Petitioners. ·

U. S. Webb, Attorney-General, Raymond Benjamin, Deputy Attorney-General, and F. M. Jamison, District Attorney, for Respondents.

LORIGAN, J.—This is a proceeding in *certiorari* to review a judgment of the superior court adjudging the petitioner, Thomas Frowley, Jr., guilty of contempt of court and punishing him therefor, and also imposing certain duties and obligations upon the other petitioner, Thomas Frowley, with reference to said Thomas Frowley, Jr., his son.

The contempt with which the petitioner, Thomas Frowley,

Jr., was charged, consisted of the alleged violation of an order made by the superior court of Modoc County, sitting as a juvenile court, in the matter of one James Forrest, a minor. In that matter a judgment was entered placing said James Forrest on probation, under the juvenile act, until he should attain his majority, and it was further provided in said judgment that it "should be a contempt of court for any person to furnish the said James Forrest or to cause to be furnished to him any intoxicating liquor."

It was for the alleged violation of the order against furnishing liquor to said James Forrest, while still on probation, that the contempt proceeding against the petitioner, Thomas Frowley, Jr., was instituted. After a hearing he was adjudged guilty of contempt for violating said order and required to pay a fine of two hundred and fifty dollars, payable at the rate of five dollars a month until paid. It was further ordered that the other petitioner herein, the father of Thomas Frowley, Jr., should take control of him, in a probationary way, and was charged with certain duties relative to his conduct, and required to report to the court monthly concerning his behavior.

In this present proceeding in *certiorari* various attacks are made on the validity of the contempt proceedings, but we think it only necessary to examine a couple of them.

It is familiar law that in proceedings for constructive contempts of court, that is, contempts committed without the presence of the court, and such as the petitioner Frowley, Jr., is claimed to have committed, the affidavit which is made the basis for the proceeding should show upon its face the acts which constitute a contempt. The affidavit constitutes the complaint and unless it contains a statement of facts which show that a contempt has been committed, the court is without jurisdiction to proceed in the matter, and any judgment of contempt based thereon is void, and will be so declared upon *certiorari.* It is hardly necessary to cite authorities upon a proposition so well settled, but reference may be had to the following cases: *Overend* v. *Superior Court,* 131 Cal. 280, [63 Pac. 372]; *Hutton* v. *Superior Court,* 147 Cal. 156, [81 Pac. 409]; *Otis* v. *Superior Court,* 148 Cal. 129, [82 Pac. 853], and *Ex parte McCarty,* 154 Cal. 534, [98 Pac. 540].

Examining the affidavits which served as a basis for the con-

tempt proceeding under review we find that there are two. One was made by the probation officer of the juvenile court of the county of Modoc, and states "that he has reason to believe and does believe that Thomas Frowley Jr. (and five others named), have committed a contempt against the juvenile court . . . and against the order of said court heretofore made in the matter of James Forrest . . . which said contempt will more fully appear by reference to the affidavit of James Forrest hereunto attached and made a part hereof, by furnishing the said James Forrest intoxicating liquor as set forth in said affidavit." The other was the affidavit of James Forrest, referred to in the previous affidavit of the probation officer, which states that on May 9, 1909, "at a place . . . known as the Frowley slaughterhouse he drank certain intoxicating liquor, to wit: whiskey, with Thomas Frowley, Jr., (and five others named). That said whiskey was contained in a large bottle and that this affiant procured a number of drinks and drank in the presence of and with the knowledge of the aforesaid parties and with their consent . . . and that this affiant became intoxicated in the presence of the said parties."

These excerpts from the affidavits constitute all the reference which is made to any order of court which petitioner Thomas Frowley, Jr., is charged with having contumaciously violated, and also contain a specification of the only acts which are charged to have been committed by him and claimed to constitute a contempt of court.

While the probation officer's affidavit states that the order of court was violated "by furnishing the said James Forrest intoxicating liquor as set forth in said (Forrest's) affidavit," that affidavit of Forrest, relied on as charging the specific acts constituting the violation, does not show any violation of the order by Thomas Frowley, Jr., or at all. The order prohibited the "furnishing liquor" to the probationary minor, and all the affidavit shows is that Forrest, Frowley, Jr., and the others, drank whiskey together. Of course, when they drank together it was with the knowledge of all, and doubtless no objection was urged by any member of the party against any other member of it doing so. But mere knowledge of and consent to Forrest's drinking the whiskey was not a violation of the order. The affidavit nowhere states that the petitioner,

Frowley, Jr., furnished the whiskey, or that he gave it to Forrest or asked him to drink it. There is an entire absence of statement as to who procured the whiskey, and for all the affidavit contains to the contrary, or on the subject at all, it may have been furnished by Forrest himself, or by some person not mentioned in the affidavit. There is certainly nothing in the affidavit showing that Frowley, Jr., furnished it, or procured it, or enticed Forrest to drink it, or did any other act violative of the terms of the order. Proceedings in contempt are of a criminal nature and no intendments or presumptions are to be indulged in in aid of the sufficiency of a complaint. The affidavits (the complaint) must set forth acts showing in themselves the fact that a contempt has been committed by the party charged, and failing to do so, the court is absolutely without jurisdiction in the matter.

Aside from this, however, these affidavits are radically defective as a basis for a contempt proceeding, in failing to show that the petitioner, Frowley, Jr., had any notice or knowledge whatever of the existence of the order of court at the time when it is claimed he violated it. He was not a party to the proceeding in which the order was made, and hence knowledge of it could not be imputed to him. The general rule is that "in order to punish a person for contempt of court for violation of an order, judgment or decree of court, it must appear that said order, judgment or decree, has been previously served on the one charged or that he has had actual notice of the making of such order or the rendition of such judgment or decree." (9 Ency. of L. & P., p. 12.)

The petitioner, Frowley, Jr., could not be adjudged guilty of contempt unless he had knowledge of the order. This being true, knowledge on his part was one of the essential facts to be stated in the affidavits, so that upon their face they would show a case of constructive contempt. Such knowledge not being charged, the affidavits were fatally defective; no case of contempt appeared therefrom, and hence the court had no jurisdiction in the matter, and its subsequent proceedings were void.

The effect of the absence of this essential averment in the affidavits is sought to be obviated by calling the attention of the court on the hearing to a stipulation entered into between

the district attorney who appeared in support of the contempt proceedings and the attorney who then represented the petitioner, Frowley, Jr., in which it was "stipulated and agreed . . . that . . . Thomas Frowley, Jr., did at the time of the alleged contempt have knowledge of the order . . . prohibiting any one from furnishing any intoxicating liquor" to Forrest, and "did know at the time of the said alleged contempt that it was a contempt of said court and of the said order of said court to furnish any intoxicating liquor to the said James Forrest, and these facts appeared in evidence and were proven in the hearing of the above proceeding before the aforesaid court."

But this stipulation cannot be considered, and has no legal force even if it could. It was entered into and filed months after the proceedings in contempt had terminated and the judgment therein had become final, and is no part of the record in the contempt proceedings. In fact it was entered into months after this proceeding in *certiorari* had been commenced here by other counsel representing petitioner and the attack thereby made on the contempt proceedings for want of jurisdiction in the lower court to entertain them, and doubtless to meet the attack on that ground. Nor if the stipulation might be considered would the matter stated therein affect the question of jurisdiction. It simply recites that it was shown in the contempt proceedings by evidence that Frowley, Jr., had knowledge of the order when he violated it. But as far as showing that fact is concerned, the stipulation was unnecessary because the court in its findings found as a fact that the petitioner had such knowledge, and the stipulation is no broader than the finding. It is settled law, however, that radical defects in the affidavit, the absence of essential facts, the existence of which are necessary to be shown in the affidavit as a condition precedent to the exercise of jurisdiction to proceed in contempt, cannot be cured by proof upon the hearing. Having failed to acquire jurisdiction, the court had no authority to proceed to a hearing at all. In *Hutton* v. *Superior Court,* 147 Cal. 156, 159, [81 Pac. 409], after reiterating the rule that as a basis for judicial action in contempt, the essential facts constituting it must appear on the face of the affidavits or the court is wanting in jurisdiction to proceed, it is said: "In such a case, it is

CLVIII Cal.—15

immaterial what may be shown to the court upon the hearing, or specified and found by the court in its decree adjudging the accused guilty of contempt. The proceedings are void *ab initio.* The affidavit or affidavits upon which the contempt proceeding is based constitute the complaint, and unless they, upon their face, charge facts constituting a contempt, the court is without jurisdiction to proceed." As the court could not by its finding cure the jurisdictional defect existing on account of a failure to allege knowledge by petitioner of the existence of the order when it is claimed he violated it, the stipulation could not have that effect.

Aside from this, we are satisfied that the attorney had no authority to enter into such a stipulation. There was no proceeding then pending in which he was attorney for petitioner. The contempt proceeding had terminated and the relation of attorney and client had ceased, and with it ceased any authority in the attorney to stipulate as to anything relative to that proceeding so as to bind petitioner.

It follows, for the reasons given, that the proceedings in contempt against Thomas Frowley, Jr., should be and the same are annulled, and as far as the orders of the court imposed obligations and duties upon the other petitioner, Thomas Frowley, relative to Thomas Frowley, Jr., his son, to be discharged under the direction of the trial court, as they were only made and based upon the contempt proceedings, the judgment and order as to them are likewise annulled and set aside.

Angellotti, J., Sloss, J., and Beatty, C. J., concurred.