[Crim. No. 1542.   First Appellate District, Division One.—June 17, 1929.]

In the Matter of the Application of PETER GRIGORIS, *alias*, etc., for a Writ of Habeas Corpus.

Joseph A. Brown for Petitioner.

Lelia R. Leep and Leo A. Cunningham for Respondent.

TYLER, P. J.—*Habeas corpus.*   Petitioner seeks to be discharged from the custody of the sheriff of the city and county of San Francisco, by whom he is held in custody under an order of the superior court adjudging him guilty of contempt in failing and refusing to pay certain sums of alimony in a divorce proceeding.   ▮ It is claimed on his behalf that the affidavit supporting the commitment is insufficient for the reason that it fails to charge that petitioner had any knowledge or notice of the order of court, the violation of which constitutes the ground for the adjudication upon which the commitment is predicated.   We are cited to the case of *Frowley* v. *Superior Court,* 158 Cal. 220 [110 Pac. 817], as supporting this contention.   It was there held that the petitioner could not be held guilty of contempt unless he had knowledge of the order, and this being true,

knowledge on his part was one of the essential facts to be stated in the affidavit. In that case, however, the petitioner was not a party to the proceeding in which the order violated was made. Here petitioner was a party to the proceeding in which the order was made and the record in such proceedings shows that he appeared therein. Under these circumstances the only jurisdictional facts required to be stated in the affidavit are the making of the order and the disobedience of it. (*Ex parte Von Gerzabek*, 63 Cal. App. 657, 661 [219 Pac. 479]; *In re McCarty*, 154 Cal. 534 [98 Pac. 540].) Both of these jurisdictional facts are recited in the affidavit.

The writ is discharged and the prisoner remanded.

Knight, J., and Cashin, J., concurred.