[Civ. No. 10573. Second Appellate District, Division One.—February 4, 1936.]

N. Y. K. OIL COMPANY (a California Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

608

Francis B. Cobb for Petitioners.

Andrews & Andrews and Mortimer A. Kline for Respondents.

DORAN, J.—Plaintiffs in an action in the superior court had petitioned the court to order a subsurface directional survey of an oil well, the result of such survey to be used as evidence at the trial of the action then pending.

A temporary restraining order was issued July 3, 1935, and by a later order, on July 8th, continued in effect pending the hearing on an order to show cause set for July 12th. After the hearing on the order to show cause, the plaintiffs' petition was granted and certain individuals were named and appointed by the court to make the survey. The restraining order was continued in effect pending the survey.

On July 23d, a citation for contempt was issued, returnable August 7th, wherein petitioners herein were ordered to show cause why they should not be punished for contempt for disobeying the previous orders of July 3d, 8th and 12th. The contempt citation was based on affidavits of eight individuals, which in substance recited the steps that were taken in making the survey, a description of the condition of the well, and in general, at the most, created a suspicion that petitioners herein had placed something in the well which prevented the survey.

On August 7th, petitioners herein demurred to the affidavits and contempt citation on the grounds that the court was without jurisdiction of the persons of the defendants, petitioners herein, and that the affidavits did not state facts sufficient to constitute a cause of action for contempt. The affidavit of service shows affirmatively that petitioners herein were not served with the original order, the alleged violation of which it is sought to make the basis of a contempt proceeding.

The petition for a writ of prohibition must be granted. ■ It is well-settled law that an affidavit, as the basis of a contempt citation, must set forth acts showing in themselves the fact that a contempt has been committed by the party charged, and failing to do so, the court is absolutely without jurisdiction in the matter. (*Frowley* v. *Superior Court*, 158 Cal. 220 [110 Pac. 817].) ■ The affidavits relied upon by respondent do not meet this requirement; suspicion is not sufficient.

■ Moreover, petitioners were not served with the order, which, it is alleged, was violated by them, and which alleged violation constitutes the basis of the contempt citation. Under the circumstances presented here, it cannot be assumed that they had knowledge of the order.

Let a writ issue making the alternative writ heretofore herein issued by this court peremptory.

Houser, P. J., and York, J., concurred.