[Crim. No. 2002.  First Appellate District, Division One.—December 7, 1937.]

In the Matter of the Application of JACK WENZLER for a Writ of Habeas Corpus.

John J. Tahaney for Petitioner.

THE COURT.—After examining the petition for the writ herein, together with the exhibits attached thereto and the points and authorities submitted in support of petitioner's contentions, we are of the opinion that no legal ground has been shown to justify the issuance of the writ. The application is therefore denied.

SUPPLEMENTAL OPINION.

THE COURT.—On December 6, 1937, petitioner was adjudged guilty of contempt of court by the Superior Court in and for the City and County of San Francisco for the violation of the terms of a restraining order theretofore issued by said court, and as a punishment therefor he was sentenced to imprisonment in the county jail of said city and county for a period of twenty-four hours. Late in the afternoon of said day petitioner filed in this court a petition for a writ of *habeas corpus*, wherein he attacked the jurisdiction of the trial court on some six grounds.

After examining the petition together with the exhibits attached thereto, and the points and authorities submitted in support of petitioner's contention, we were of the opinion, as stated in the memorandum heretofore filed, that no legal ground had been shown to justify the issuance of the writ. It appears from the record that petitioner entered into a contract of employment with the New Process Laundry, wherein petitioner agreed among other things that "two (2) years after leaving such employ, he will abstain from calling upon, soliciting or delivering for himself or for any other persons, copartnership or corporation any laundered or dry

cleaned or unlaundered or laundered goods from any customer of the first party, whether brought by him to the first party or any other customer which the first party may have . . . '' Petitioner terminated his employment with said company during the month of August, 1937, and entered the employ of another laundry company as driver. Thereafter and on October 9, 1937, the New Process Laundry, alleging that petitioner was then and had been violating the above quoted provisions of said contract, commenced an action in the superior court to enjoin petitioner from any further violation thereof; and incidental to the filing of the verified complaint therein the court issued a restraining order which was duly served on petitioner, whereby he was restrained from committing any of the acts above quoted. On October 29, 1937, Eugene J. Corbett, the secretary of the New Process Laundry, made and filed an affidavit charging petitioner with contempt of court, it being alleged in the affidavit among other things ''that ever since the said 9th day of October, 1937, to and including the time hereof, the defendant Jack Wenzler has been and now is wilfully and with the intent of disobeying said Temporary Restraining Order issued as aforesaid and after receiving notice and a copy of said Temporary Restraining Order, called upon, received and delivered laundered and dry cleaned, and unlaundered and laundered goods from and to numerous customers of the plaintiff New Process Laundry, a corporation; that the names and addresses of some of the said customers above referred to are: . . . '' and then follow the names and addresses of seven persons, and the name of another person whose address is not given.

The contempt proceeding came on for hearing on November 3, 1937, at which time petitioner filed a verified answer to the complaint and also an affidavit in the contempt matter; and in said affidavit he expressly admitted ''that it is true that he received unlaundered goods from the persons named in the affidavit of Eugene J. Corbett, dated October 29, 1937'', and he admitted also that ''it is true that he returned such goods to such persons after having been laundered and dry-cleaned''; but he then went on to aver that ''none of such persons were customers of the plaintiff, New Process Laundry, at the time'' petitioner called on said persons for such purpose.

█ It will be seen, therefore, that the single disputed issue of fact raised by the allegations of said affidavits was whether at the time petitioner admittedly transacted said business with the persons named, they were customers of the New Process Laundry; and since there is a direct conflict on this point between the averment in Corbett's affidavit that they were, and the averment in petitioner's affidavit that they were not, the conclusion reached thereon by the trial court in resolving such conflict is controlling on *habeas corpus*. In this connection it may be stated that it does not appear from the petition that any oral testimony was adduced at said hearing on behalf of petitioner; but assuming that it was, it could do no more than add to the conflict. █ It is doubtless true, as petitioner contends, in a proceeding to punish for a constructive contempt the affidavit of contempt serves the purpose of a complaint or pleading, and unless it shows that a contempt has been committed the court is without jurisdiction to proceed in the matter. (*Frowley* v. *Superior Court,* 158 Cal. 220 [110 Pac. 817].) But here, as pointed out, the affidavit of Corbett shows that a contempt was committed. It alleged the issuance of the restraining order, a copy of which was attached to the affidavit and made part thereof, and the affidavit then went on to allege specific facts showing the violation of said order; and the affidavit initiating the contempt proceeding may be considered by the court as evidence in determining the issue before it.

█ With respect to the attack petitioner makes upon the validity of the contract, it will suffice to say that so far as any showing has been made in this particular proceeding, and in the light of the authorities upon the subject, we are not prepared to hold at this time as a matter of law that the particular provisions of the contract called into question here are not unenforceable. The case of *New Method Laundry Co.* v. *MacCann,* 174 Cal. 26 [161 Pac. 990, Ann. Cas. 1918C, 1022], cited by petitioner, may be distinguished from the present case because of the absence therein of a covenant to refrain from doing the acts prohibited by the contract in the present case. It should be understood, however, that the conclusion thus reached in this proceeding on this point shall not in any way preclude a full hearing and complete determination

of that issue on the trial on the merits before the superior court, at which time evidence will doubtless be received on this particular issue.