BERTRICE PHILLIPS, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent.

Fabian D. Brown for Petitioner.

W. C. Dorris and C. Fleharty, Jr., for Respondent.

EDMONDS, J.—After the respondent made an order adjudging her guilty of contempt, Bertrice Phillips petitioned for and obtained from this court a writ of review. In response to the writ, the record of the proceeding has been filed, and also an answer alleging facts in support of the jurisdiction to make the challenged order.

The controversy has arisen over the custody of a minor child. In 1941, the Superior Court of Kern County granted the petitioner an interlocutory decree of divorce upon her

cross-complaint. By the terms of the decree, which conformed to an agreement made by her and her husband, the custody of the minor child was awarded to the wife. However, the decree also provided that Mary Phillips, the child's grandmother, should have her "immediate care and control." Upon an affidavit of Mary Phillips asserting that the petitioner "has the child in her custody" in violation of the terms of the decree, the court issued an order directing her to show cause why she should not be punished for contempt. On the day set for the hearing, counsel for Bertrice Phillips requested a continuance for one week to permit her to appear in person. The motion was denied and the court adjudged her guilty. Service of a warrant for her arrest has been stayed by the writ of review.

The petitioner asserts that the affidavit upon which the order to show cause issued is fatally defective in that it does not state any facts showing that she had knowledge of the order she is charged with violating. Under such circumstances, she asserts, the court is without jurisdiction to act in the matter. The respondent does not question the rule that because there is no appeal from an order made in a contempt proceeding, it may be reviewed upon certiorari if it is in excess of jurisdiction. (Code Civ. Proc., sec. 1222; *Taylor* v. *Superior Court*, 20 Cal.2d 244, 246 [125 P.2d 1]; *Commercial Bank of Spanish America* v. *Superior Court*, 192 Cal. 395 [220 P. 422]; *Tripp* v. *Tripp*, 190 Cal. 201 [211 P. 225].) But, in support of the order, it points to the recital in the affidavit that the petitioner was the defendant and cross-complainant in the divorce action, as the equivalent of charging the petitioner with being present when the decree of divorce was rendered. Moreover, says the respondent, the decree of divorce was granted to the petitioner upon her cross-complaint.

A contempt proceeding is of a criminal nature even though its purpose is to impose punishment for violation of an order made in a civil action. (*Ex parte Morris*, 194 Cal. 63 [227 P. 914]; *Ex parte Gould*, 99 Cal. 360 [33 P. 1112, 37 Am.St.Rep. 57, 21 L.R.A. 751].) Accordingly, no intendments or presumptions may be indulged in to aid the sufficiency of the affidavit required by section 1211 of the Code of Civil Procedure as the basis of a proceeding to punish for constructive contempt. Such an affidavit is fatally defective if it fails to allege that the accused had notice or

knowledge of the existence of the order at the time he is claimed to have violated it. (*Frowley* v. *Superior Court,* 158 Cal. 220 [110 P. 817] ; *Hedges* v. *Superior Court,* 67 Cal. 405 [7 P. 767]; *Mitchell* v. *Superior Court,* 163 Cal. 423 [125 P. 1061]; *In re Ellery,* 22 Cal.App.2d 274 [70 P.2d 690].) Ordinarily, it is averred that the alleged contemnor was served with a copy of the court's order and subsequently violated it although a statement that he was present in court when the order was made sufficiently charges knowledge of its terms. (*Mitchell* v. *Superior Court, supra.*)

The affidavit of Mary Phillips includes no allegation that the petitioner was served with notice of the order, that she had actual knowledge of its terms, or that she was present in court when it was made. The fact that one is a party to litigation does not, of itself, charge him with knowledge of an order or judgment made in connection with it. (*N. Y. K. Oil Co.* v. *Superior Court,* 11 Cal.App.2d 607 [54 P.2d 80].) Nor may the statements in the affidavit of Bertrice Phillips filed in the contempt proceeding supply the deficiencies of the affidavit upon which the order finding her guilty was made. In response to the order to show cause, she admitted taking her daughter from Mary Phillips after advising the grandmother by letter that ''I would take the child for three weeks because I had not seen the child for some months.'' Assuming that her explanation implies knowledge of the terms of the divorce decree, it did not authorize the court to proceed against her. ''It is settled law . . . that . . . the absence of essential facts, the existence of which are necessary to be shown in the affidavit as a condition precedent to the exercise of jurisdiction to proceed in contempt, cannot be cured by proof upon the hearing. Having failed to acquire jurisdiction, the court had no authority to proceed to a hearing at all.'' (*Frowley* v. *Superior Court, supra.*) Under such circumstances the proceeding is void *ab initio.* (*Ex parte Von Gerzabek,* 63 Cal.App. 657 [219 P. 479].)

Insofar as the cases of *Ex parte Grigoris,* 99 Cal.App. 455 [278 P. 873], and *Mattos* v. *Superior Court,* 30 Cal.App.2d 641 [86 P.2d 1056], are contrary to these conclusions, they are disapproved.

The order is annulled.

Gibson, C. J., Shenk, J., Curtis, J., Carter, J., Traynor, J., and Schauer, J., concurred.