[Civ. No. 15452. First Dist., Div. Two. Oct. 29, 1952.]

ROBERT A. DOYLE, Petitioner. v. SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Nathan G. Gray for Petitioner.

John A. Nejedly for Respondents.

NOURSE, P. J.—In a petition to review an order of the trial court adjudging petitioner guilty of contempt it appears that after he had been enjoined from doing certain acts he was cited to appear and show cause why he should not be adjudged in contempt because of his continued violation of the injunctive order. In his petition he alleges that the affidavit charging contempt did not affirmatively allege that, prior to the alleged violation of the injunctive order, he had been served with notice of the judgment. The respondent has appeared by demurrer only, and we are informed that the litigation has been settled. But petitioner insists upon a ruling.

Our decisions are uniform that the provisions of section 1211 et seq., Code of Civil Procedure, must be strictly followed and that a failure to allege all the essential facts relied on is fatal to contempt proceedings. Actual knowledge of the order which the party is charged to have violated is

essential and must be alleged as a prerequisite to contempt proceedings. (*Phillips* v. *Superior Court,* 22 Cal.2d 256 [137 P.2d 838].)

In *Hotaling* v. *Superior Court,* 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127], which was also a proceeding in certiorari, the court said (p. 506) : "In reviewing this proceeding, the charge, the evidence, the findings, and the judgment are all to be strictly construed in favor of the accused (*Schwarz* v. *Superior Court, supra,* [111 Cal. 106 (43 P. 580)]), and no intendments or presumptions can be indulged in aid of their sufficiency. (*Frowley* v. *Superior Court, supra* [158 Cal. 220 (110 P. 817)].) If the record of the proceedings, reviewed in the light of the foregoing rules, fails to show affirmatively upon its face the existence of all the necessary facts upon which jurisdiction depended, the order must be annulled."

Order annulled.

Goodell, J., and Dooling, J., concurred.