[Crim. No. 2494.  Third Dist.  Oct. 28, 1953.]

In re JOHN JAY DuBOIS, on Habeas Corpus.

Sutter, Elledge & Carter for Petitioner.

Morton L. Silvers and Jeremy Cook for Respondent.

VAN DYKE, P. J.—By an order made in a pending divorce action, petitioner, John Jay DuBois, was directed to make certain payments for the support of his wife and minor children. Based on an affidavit setting forth that he had failed to do so, an order to show cause why he should not be adjudged in contempt of court was issued. At the commencement of the hearing petitioner moved to dismiss the contempt proceedings on the ground that the affidavit in support of the issued order to show cause was insufficient to give the court jurisdiction to proceed. This motion was denied. After the hearing the court found that petitioner had wilfully failed to comply with the support order, having the pecuniary ability to comply therewith. The court therefore adjudged him to be guilty of contempt and fixed his punishment at imprisonment in the county jail for the period of five days. Upon order of the court the sheriff confined petitioner, pursuant to the said judgment. He applied to this court for a writ of habeas corpus, which was issued and the matter has been heard and submitted for decision.

The jurisdiction of a court to punish for constructive contempt may be inquired into either on certiorari or in habeas corpus. (*In re Lake*, 65 Cal.App. 420 [224 P. 126];

*In re Drew,* 188 Cal. 717 [207 P. 249].) The scope of the inquiry which the court can make upon either habeas corpus or certiorari extends to the jurisdiction of the court to pronounce the judgment rendered. ■ Contempt of court is a criminal offense. (*In re Lake, supra,* at 425, and cases cited.) ■ The proceeding is not a civil action, but is a separate proceeding of a criminal nature and summary character. (Id.) ■ "No intendments or presumptions may be indulged in to aid the sufficiency of the affidavit required by section 1211 of the Code of Civil Procedure as the basis of a proceeding to punish for constructive contempt. [The cited section provides that 'When the contempt is not committed in the immediate view and presence of the court or of the judge or justice at chambers, an affidavit shall be presented to the court or judge or justice of the facts constituting the contempt.'] ■ Such an affidavit is fatally defective if it fails to allege that the accused had notice or knowledge of the existence of the order at the time he is claimed to have violated it." (*Phillips* v. *Superior Court,* 22 Cal.2d 256, 257-258 [137 P.2d 838].) ■ " 'It is settled law . ꞉ . that . . . the absence of essential facts, the existence of which are necessary to be shown in the affidavit as a condition precedent to the exercise of jurisdiction to proceed in contempt, cannot be cured by proof upon the hearing. Having failed to acquire jurisdiction, the court had no authority to proceed to a hearing at all.' (*Frowley* v. *Superior Court, supra* [158 Cal. 220 (110 P. 817)].) Under such circumstances the proceeding is void ab initio. (*Ex parte Von Gerzabek,* 63 Cal.App. 657 [219 P. 479].) "

■ Applying the above decisions to the record as presented here we note the following: The proceeding in contempt was initiated by an affidavit filed by the attorney for Mrs. DuBois in the divorce action. The affidavit recited the making of the support order and the failure to make the payments thereunder. It failed to allege notice or knowledge of the making of the order on the part of petitioner or that petitioner had been able to make the required payments. The affidavit was completely insufficient to invoke the jurisdiction of the court to punish for the alleged contempt and the contempt order following the hearing was therefore void.

Petitioner is discharged from custody. It is further ordered that the bail given pursuant to the order of this court be exonerated.

Peek, J., and Schottky, J., concurred.