[L. A. No. 23643. In Bank. Apr. 29, 1955.]

CHESTER LEE FREEMAN, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Vincent Whelan for Petitioner.

Edgar B. Hervey and James Edgar Hervey for Respondents.

SPENCE, J.—Petitioner seeks to annul the order of respondent court adjudging him guilty of contempt for failure to pay the sum of $195 theretofore ordered to be paid by him as counsel fees and court costs. He contends that his conviction of contempt was an act in excess of jurisdiction because there was no evidence to show that he had knowledge or notice of the provisions of the order which he allegedly disobeyed. However, the record in the contempt proceeding does not sustain his contention, and his conviction of contempt must be affirmed.

On July 9, 1954, petitioner was ordered to pay said sum in an action for divorce filed against him by respondent Bessie Meriam Freeman. Payment was not made. On September 10, 1954, the attorney for Mrs. Freeman initiated the contempt proceeding by an affidavit alleging in part, upon information and belief, that petitioner ". . . had full knowledge of the provisions of said order. . . ." Petitioner filed an answering affidavit denying that he had "knowledge of the making or

provisions of'' the order at any time prior to September 16, 1954, when a copy was served upon him. He further alleged that he ''was not in court at the time said order was made and believed that his obligation to pay attorneys' fees was based upon a written stipulation which he signed on a date which he [did] not remember but which he believe[d] was approximately August 16, 1954.'' On the hearing of the contempt proceeding, petitioner was not present, but was represented by his attorney. No testimony was introduced, and the matter was submitted upon the record in the divorce action, together with the above-mentioned affidavits. The court found that petitioner had at all times ''full knowledge of the provisions of the order,'' had the ability to comply with its terms, and that his failure to do so was willful and contumacious. Petitioner was thereupon convicted of contempt.

Respondents do not question the rule that certiorari lies to review and annul a contempt order rendered without or in excess of jurisdiction. (12 Cal.Jur.2d § 80, p. 101; *Weber* v. *Superior Court*, 26 Cal.2d 144, 148 [156 P.2d 923]; *Wilson* v. *Superior Court*, 31 Cal.2d 458, 459 [189 P.2d 266].) A contempt proceeding is not a civil action but is of a criminal nature even though its purpose is to impose punishment for violation of an order made in a civil action. (*Phillips* v. *Superior Court*, 22 Cal.2d 256, 257 [137 P.2d 838].) Accordingly, no presumptions of validity may be indulged in support of judgments in contempt, as would be the case with respect to ordinary judgments. (12 Cal.Jur.2d, § 79, p. 101; *In re Wells*, 29 Cal.2d 200, 201 [173 P.2d 811]; *In re DuBois*, 120 Cal.App.2d 890, 892 [262 P.2d 340].) But an examination will be made of the whole record before the trial court to determine whether there was any substantial evidence before it to sustain its exercise of jurisdiction. (*Bridges* v. *Superior Court*, 14 Cal.2d 464, 485 [94 P.2d 983]; *City of Vernon* v. *Superior Court*, 38 Cal.2d 509, 517 [241 P.2d 243].)

In a prosecution for constructive contempt the affidavit on which the proceeding is based constitutes the complaint (*Frowley* v. *Superior Court*, 158 Cal. 220, 222 [110 P. 817]; *Mitchell* v. *Superior Court*, 163 Cal. 423, 424 [125 P. 1061]), the affidavit of defendant constitutes the answer or plea (*Hotaling* v. *Superior Court*, 191 Cal. 501, 505 [217 P. 73, 29 A.L.R. 127]), and the issues of fact are thus framed by the respective affidavits serving as pleadings. (12 Cal.Jur.2d, § 67, p. 89; *Uhler* v. *Superior Court*, 117 Cal.App.2d 147, 151 [255 P.2d 29, 256 P.2d 90].) A hearing must be

had upon these issues. (*Hotaling* v. *Superior Court, supra,* at p. 505.) ■ While the affidavit initiating the contempt proceeding may be based upon information and belief (*Golden Gate Consol. Hydraulic Min. Co.* v. *Superior Court,* 65 Cal. 187, 190-191 [3 P. 623]; *Ex parte Brown,* 66 Cal.App. 534, 537 [226 P. 650]), it is insufficient as evidence to sustain a contempt conviction, under the hearsay rule. (*Gay* v. *Torrance,* 145 Cal. 144, 152 [78 P. 540].)

■ The parties agree that the alleged contemnor's notice or knowledge of the order that he is charged with violating is a jurisdictional prerequisite to the validity of a contempt order. (12 Cal.Jur.2d, § 25, p. 41; *Phillips* v. *Superior Court, supra,* 22 Cal.2d 256, 257.) ■ Thus, the initiating affidavit is fatally defective if it fails to allege that the accused had notice or knowledge of the existence of the order at the time he is claimed to have violated it. (*Phillips* v. *Superior Court, supra,* p. 258, disapproving *Ex parte Grigoris,* 99 Cal.App. 455, 456 [278 P. 873], and *Mattos* v. *Superior Court,* 30 Cal. App.2d 641, 647 [86 P.2d 1056], insofar as they indicate that the recital of the jurisdictional fact in the affidavit is not necessary.) The dispute here does not concern the sufficiency of the initiating affidavit, but rather the sufficiency of the evidence to sustain the contempt order. Petitioner contends that there was no showing of the essential facts that he had notice or knowledge of the order. He claims that the initiating affidavit is the only evidence bearing on this jurisdictional point and argues as follows: the recital there was on information and belief; his defense affidavit controverted this material allegation; and the hearsay evidence of the initiating affidavit on this essential point was not competent to sustain the contempt adjudication. ■ The fact that one is a party to litigation does not, of itself, charge him with knowledge of an order or judgment made in connection with it. (12 Cal.Jur.2d, § 25, p. 42; *Phillips* v. *Superior Court, supra,* p. 258.)

But contrary to petitioner's claims, the record is not devoid of competent evidence to support the trial court's finding. It affirmatively appears from the record that when the order for payment of counsel fees and court costs was made, petitioner was represented in court by his attorney, who was thereafter served with a copy of the order. ■ The general rule of agency, that notice to or knowledge possessed by an agent is imputable to the principal, applies for certain purposes in the relation of attorney and client. (6 Cal.Jur.2d § 152, p. 333; 5 Am.Jur. § 74, p. 302; anno.: 4 A.L.R. 1592.)

■ The rule rests on the premise that the agent has acquired knowledge which it was his duty to communicate to his principal, and the presumption is that he has performed that duty. (*Ibid.*; *Lazzarevich* v. *Lazzarevich,* 39 Cal.2d 48, 50 [244 P.2d 1].) ■ While under our law the presumption is deemed conclusive for the purposes of civil actions (*Wittenbrock* v. *Parker,* 102 Cal. 93, 104 [36 P. 374, 41 Am.St.Rep. 172, 24 L.R.A. 197]), we do not believe that it should be given that effect for the purpose of a proceeding of a criminal nature, such as a contempt proceeding. ■ On the other hand, there appears to be no valid objection to treating the presumption as a disputable presumption for the purpose of a contempt proceeding. This was no doubt the rule which the court intended to enunciate in *Mattos* v. *Superior Court, supra,* 30 Cal.App.2d 641, when it said at page 647, that if the accused person is represented by an attorney at the time an injunction is granted, such person "is deemed to have actual notice thereof."

■ Disputable presumptions have been held sufficient to prove a fact in criminal proceedings (*People* v. *Fitzgerald,* 14 Cal.App.2d 180, 191-192 [58 P.2d 718] ; *People* v. *Van Wie,* 72 Cal.App.2d 227, 230-231 [164 P.2d 290]) ; and such presumptions are sufficient to sustain a finding even though the accused may give uncontradicted testimony to the contrary. (*People* v. *Milner,* 122 Cal. 171, 179 [54 P. 833] ; see *People* v. *Agnew,* 16 Cal.2d 655, 662-663 [107 P.2d 601].) The same rule applies regardless of whether the uncontradicted testimony is presented by way of oral testimony or by affidavit. (*Lohman* v. *Lohman,* 29 Cal.2d 144, 149 [173 P.2d 657] ; *Berg* v. *Journeymen's Plumbers etc. Union,* 5 Cal.App. 2d 582, 583 [42 P.2d 1091].)

■ Here the only testimony which contradicted the disputable presumption was the affidavit of petitioner to the effect that he had no knowledge of said order prior to its service on him along with the papers initiating the contempt proceeding, September 16, 1954. He admitted, however, in the affidavit that he was aware of his obligation to pay counsel fees and costs, but stated that he believed that his obligation arose from "a written stipulation which he signed" sometime in August. The trial court was not required to believe petitioner's denial of knowledge of the order, but on the contrary, was justified in finding that he had such knowledge in accordance with the disputable presumption. ■ It follows that the trial court merely resolved a conflict in the evidence, which

determination of fact is not open to review on certiorari. (*Bridges* v. *Superior Court, supra,* 14 Cal.2d 464, 485.) As the trial court had sufficient evidence before it to support the contempt finding, petitioner cannot prevail in his challenge of its jurisdiction.

The order adjudging petitioner guilty of contempt is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.