[Civ. No. 24931.   Second Dist., Div. Two.   Sept. 16, 1960.]

ALBERT T. McCORMICK, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARION PEARL McCORMICK, Real Party in Interest.

Blaine Nels Simons and Floyd H. King for Petitioner.

No appearance for Respondent.

Arthur D. Guy for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks by this proceeding in review to annul an order of the respondent court finding him guilty of contempt, sentencing him to serve 30 days in jail, placing him on summary probation for one year upon condition that he serve two days in jail and make all child support payments thereafter falling due under the provisions of an interlocutory judgment of divorce.

Petitioner was held in contempt and sentenced for asserted wilful failure to make certain child support payments purportedly payable under said interlocutory decree of divorce.

We previously ordered that writ of review issue herein and, upon further consideration of the matter and the return herein made pursuant to stipulation of the parties, we are convinced that, by reason of the facts shown at the hearing, the contempt proceeding against petitioner is fatally defective. The respondent court was therefore without jurisdiction and its said contempt order must be annulled.

Said affidavit averred in part that petitioner had wilfully disobeyed orders of the respondent court made on October 17, 1958, and December 16, 1958, which orders required petitioner to pay $100 per month for the support of his minor children; that the support payments accrued since January 1, 1959, amounted to $1,800 of which petitioner had paid only $536.75 leaving $1,263.25 delinquent. The affidavit further averred that petitioner had the ability to make each delinquent payment on or before its due date; that petitioner was not present in court except by counsel when said order or orders were made or pronounced, but that said order or orders had been personally served upon him on December 29, 1958.

The stipulated return shows, however, that no order requiring said payments was made on October 17, 1958. It clearly appears on said date that the commissioner merely made certain recommendations to the court in connection with

*Assigned by Chairman of Judicial Council.

support payments pendente lite on the hearing of an order to show cause proceeding. It further clearly appears that the order of December 16, 1958, was a minute order made on the date of the hearing of the divorce action and that it was supplemented and superseded by a formal interlocutory judgment of divorce made on December 18, 1958, and entered on December 22, 1958.

No mention whatsoever of the interlocutory judgment of divorce was made in the affidavit for the contempt order. The record before us discloses, however, that petitioner was ordered to make said support payments under the provisions of said interlocutory judgment and that the respondent court held petitioner in contempt for failure to make the payments as ordered in said interlocutory judgment.

■ It cannot be held that an affidavit alleging wilful violation of a nonexistent order of October 17, 1958, properly stated facts constituting any offense. As stated, said purported order of October 17, 1958, was in fact not an order at all but the mere recommendation of a commissioner not imposing any obligation on petitioner.

It further cannot be held that an affidavit alleging wilful violation of the order of December 16, 1958, properly stated facts constituting any offense. The minute order of December 16, 1958, while it ordered that an interlocutory judgment of divorce be granted to the wife, ordered petitioner to pay $50 per month for the support of each of his two minor children and directed the clerk to make entry thereof, was supplemented and superseded two days later by the formal interlocutory judgment herein.

In the light of this state of the record of the case the proof offered at the hearing disclosed that no offense for contempt was properly charged when the affidavit failed wholly to identify the true order or judgment requiring petitioner to make the payments for wilful nonpayment of which it was sought to hold the petitioner in contempt. The proof failed to support the averments in such affidavit of the commission or omission of acts on the part of petitioner in violation of any order or judgment of the court. The showing thus made was, therefore, insufficient to clothe the respondent court with jurisdiction to adjudge petitioner in contempt. (*Gideon* v. *Superior Court*, 141 Cal.App.2d 640, 642 [297 P.2d 84]; *Collins* v. *Superior Court*, 145 Cal.App.2d 588, 594 [302 P.2d 805]; *Warner* v. *Superior Court*, 126 Cal.App.2d 821, 826 [273 P.2d 89].)

The absence of essential facts, the existence of which are necessary to be shown in the affidavit as a condition precedent to the exercise of jurisdiction to proceed in contempt, cannot be cured by proof upon the hearing. (*Phillips* v. *Superior Court,* 22 Cal.2d 256, 258 [137 P.2d 838].)

In view of the aforementioned fatal deficiency in the proceedings, it appears unnecessary to discuss the various other questions presented.

The order adjudging petitioner guilty of contempt is annulled.

Fox, P. J., and Ashburn, J., concurred.