[Crim. No. 7734.   Second Dist., Div. Three.   June 20, 1961.]

In re RAYMOND H. SIGESMUND on Habeas Corpus.

David C. Marcus for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

Edward M. Raskin and Gerald E. Lichtig for Real Party in Interest.

NOURSE, J. pro tem.*—By his petition here for writ of habeas corpus, petitioner attacks an order of the superior court adjudging him to be in contempt of an order of that court requiring him to deposit with the court security for the payment of support for his children as required by a former order of the court and to post security for the payment of attorney's fees awarded to the attorney for his wife in an action for divorce and ordering him confined in the county jail until he should purge himself of such contempt by complying with the aforesaid orders.

The facts are: Petitioner was the cross-defendant in an action for divorce which was commenced by him. By the interlocutory decree of divorce entered in April of 1951, he was ordered to pay certain sums to his wife, the cross-complainant, for the support of the four minor children. He was further ordered to pay directly to his wife's attorney the sum of $3,250. In July of 1958 petitioner was delinquent in child support payments ordered by the decree as that decree was modified in January of 1958, the amount of the delinquency being the sum of $29,975. He had also failed to pay the attorney's fees awarded by the decree. On July 9, 1958, the court issued its order requiring petitioner to show cause why he should not be compelled to post security for his compliance with the above-mentioned orders of the court. This order to show cause was based upon the affidavit of the cross-complainant wife showing the facts of the delinquency heretofore mentioned. Copies of this order were mailed to petitioner and to one Dean McCann, attorney at law. On the return date of the order to show cause Mr. McCann appeared and stated to the court that he was not the attorney for petitioner; that on June 20, 1958, petitioner had executed his substitution of attorneys substituting him (McCann) for petitioner's acting as his own attorney and that he had appeared for petitioner in an order to show cause which was heard on June 20, 1958, but that he was advised that another firm of attorneys were attorneys of record for the petitioner and that petitioner had not of record been substituted for them and therefore he did not feel that the written substitution executed by petitioner gave him authority to act. The court ruled that the substitution was valid and that Mr. McCann was the attorney for petitioner and directed him to file an application to be relieved as attorney if he was so advised. The court then entered its

*Assigned by Chairman of Judicial Council.

order requiring that petitioner deposit the sum of $85,000 in cash or surety bond in twice that amount "as security for payments for child support accrued to date and to accrue in the future," and post the further sum of $5,000 in cash, or a surety bond in twice the amount thereof, as security for payments for attorney's fees and court costs. In this order it was recited that the plaintiff had appeared by his attorney, Dean M. McCann.

On the same day the court made its order to be entered *nunc pro tunc* as of June 20, 1958, substituting Mr. McCann for petitioner as attorney in accordance with the written substitution of attorneys filed on June 20th. The order requiring the posting of security was mailed to petitioner and to Mr. McCann. Prior to the making of the order for security and in December of 1952 and June of 1958, petitioner had been adjudged guilty of contempt of the orders of the court relative to payment of child support and attorney's fees and bench warrants had been issued for his arrest. He was not, however, apprehended under these bench warrants until 1961. Upon his apprehension he was sentenced to and served jail terms under the judgments of contempt rendered in 1952 and 1958. While he was incarcerated under the sentence just mentioned, an order to show cause issued why he should not be held in contempt for his failure to comply with the court's order as to the posting of the security. This order to show cause was served upon petitioner and on the return date he appeared with his present attorney and after hearing he was adjudged by the court to be in contempt of the order requiring the posting of security and he was committed to the county jail until he should purge himself of the contempt by complying with the order or posting the security required by it. In its judgment of contempt the court found petitioner had knowledge of the order and had the ability to comply with it.

The evidence produced at the hearing upon the order to show cause which resulted in the judgment of contempt attacked, was amply sufficient to establish that petitioner had, since a short time after the entry of the interlocutory decree, either been absent from the state or had secreted himself when within the state.

Petitioner attacks the judgment of contempt upon many grounds, none of which may be sustained. His first attack is upon the order requiring him to post security and of which he was found in contempt. As to this order his first point is that the order to show cause why the order should not be made

was not served upon him. As to this point his contention is that he was not given notice of the proceedings under which the order was made and that no probative evidence was received by the court in support of the order.

The order requiring petitioner to post security was an order made after final judgment and was appealable. No appeal was taken. While the order was subject to modification upon application of petitioner, until modified it was a final order by which petitioner was bound and which could not be collaterally attacked except by a showing that the court did not have jurisdiction over the person of petitioner and this fact could only be established by the record and petitioner was not entitled to prove it by extrinsic evidence. In a case such as this where the order recites the appearance of petitioner in the proceedings and the record shows that the question of jurisdiction over his person was litigated and decided by the court in the proceedings in which the order was made, the judgment may not be collaterally attacked by proving that the court's determination of jurisdiction was erroneous or not supported by the evidence before it. (*People* v. *Lavandera,* 108 Cal.App.2d 431 at 433 [239 P.2d 30]; *Muller* v. *Muller,* 141 Cal.App.2d 722 at 732 [297 P.2d 789].)

Petitioner was not entitled in the contempt proceedings to attack the order upon the ground that there was no evidence before the court of his ability to post the security required by the order made, for that question could only be raised on an appeal from the judgment or in some other direct attack upon it. (*Ex parte Joutsen,* 154 Cal. 540 at 544 [98 P. 391].)

Petitioner further contends that there was no evidence before the court in the contempt proceedings that he had notice of the order requiring him to post security. As we have heretofore pointed out, the record shows that this order was served by mail upon him and upon his attorney. It further shows beyond question of doubt that petitioner was secreting himself to avoid service of notice upon him. The evidence further shows that on June 20th, two days after the court had pronounced its order as to security, petitioner wrote to real party in interest a letter from which the court in the contempt proceeding could infer that he had knowledge of the court's action in ordering security. The law does not require that a party subject to an order of the court must be served with a copy of that order before he may be held in

contempt of it. All that the law requires is that he had knowledge of it. ▮ Proof of service of the order upon petitioner's attorney was sufficient to raise the disputable presumption that the attorney had performed his duty and communicated his knowledge of the order to his client. (*Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857].)

▮ The contention that there was no substantial evidence to show that petitioner had, at the time he was adjudged in contempt for failing to make the deposit ordered by the court, the ability so to do is without merit. ▮ As a general rule the party seeking to enforce an order such as the one as to which petitioner was held in contempt here, is not required to prove the ability of the party charged with contempt to comply with the order but that the contempt is established by proof of the order, the alleged contemner's knowledge of the order and his failure to comply with it and that the burden is upon the alleged contemner to prove his inability to comply with the order in order to purge himself of the contempt. (*In re McCarty,* 154 Cal. 534 at 537 [98 P. 540].) This rule, however, is not applicable in this case where three years had elapsed between the making of the order with which petitioner was charged with being in contempt and the time of the hearing on the order to show cause in re contempt. (*Mery* v. *Superior Court,* 9 Cal.2d 379 at 380 [70 P.2d 932].) ▮ There was in the present case, however, sufficient evidence to uphold the finding of the trial court that petitioner had the ability to comply with the order by making the deposit of security required by it. This evidence consisted of the uncontradicted testimony of petitioner's daughter that less than 30 days before the hearing in the contempt matter he had stated to her that he had more money than he could ever spend and that he wanted to leave her his million dollars. This evidence being uncontradicted was certainly sufficient to support the court's finding of the ability of petitioner to comply with the order.

While the proceedings in contempt are criminal in nature and a party charged with contempt cannot be compelled to testify against himself, from the fact that he failed to testify and deny the truth of the statements made by his daughter the court might infer the truth of those statements and the inference that could be drawn therefrom, i.e., that in fact he had a million dollars. (Cal. Const., art I, § 13, *People* v. *Liss,* 35 Cal.2d 570, 576 [219 P.2d 789] ; *People* v. *Steccone,* 36 Cal.2d 234, 239 [223 P.2d 17].) We believe that is particu-

larly true in a case such as this where the facts as to his financial worth are peculiarly within the knowledge of the alleged contemner and where by showing an inability to comply with the order he could entirely purge himself of contempt. This he may still do.

The writ is discharged and the petitioner remanded to custody.

Vallée, Acting P. J., and Ford, J., concurred.