[Civ. No. 30476. First Dist., Div. One. Jan. 6, 1972.]

DAVID J. MOSSMAN, Petitioner, v.
THE SUPERIOR COURT OF CONTRA
COSTA COUNTY, Respondent;
SHIRLEY ANN MOSSMAN, Real Party in Interest.

**COUNSEL**

Ward A. Smith for Petitioner.

No appearance for Respondent.

Trembath & McCabe and Michael P. McCabe for Real Party in Interest.

**OPINION**

**ELKINGTON, J.**—On this petition of David J. Mossman (David) for a writ of prohibition the question presented concerns the jurisdiction of the respondent superior court to make and enforce certain contempt orders.

By a judgment, dated June 9, 1961, of the Circuit Court of Jackson County, Missouri, David was, among other things, ordered to pay to

Shirley Ann Mossman (Shirley Ann) $35 and $5 each week for, respectively, support of their two minor children and her alimony and maintenance. Thereafter Shirley Ann commenced an action in the Contra Costa County Superior Court to "establish" in this state the Missouri judgment. At the trial in Contra Costa County David did not personally appear, but he was represented by counsel retained by him. Judgment was entered, October 9, 1970, establishing the Missouri judgment, and ordering David to pay Shirley Ann $35 each week for support of the minor children and $5 each week as alimony. Notice of entry of the judgment was served by mail on David's attorney.

On August 16, 1971 the superior court issued an "Order to Show Cause re Contempt" directing David to show cause why he should not be adjudged in contempt for wilfully disobeying the order directing payment to Shirley Ann for child support and alimony. The order was based on an affidavit of Shirley Ann reciting, as we deem relevant and material to the issue before us, that David had never paid any of the sums ordered to be paid by either the Missouri, or the Contra Costa County, judgment. Although an appearance was made by counsel at the appointed time, David personally did not appear. Thereafter a "Further Order to Show Cause in re Contempt" based upon the earlier affidavit was issued by the court.

The hearing on the orders to show cause was held October 5, 1971, with David present in court. David's attorney objected to the jurisdiction of the court to proceed for the reason that it did not appear of record, or otherwise, (1) that David had notice of the terms of the Contra Costa County judgment of October 9, 1970, or (2) that he had the ability to make the payments required by the judgment.[1] The order to show cause was then continued to another date for further hearing. That hearing was never held because of the intervention of the instant prohibition proceedings.

The issues now before us are the same as raised in the superior court.

■ It is well-known law that jurisdiction to hear and determine a constructive contempt proceeding, such as in the case before us, does not lie except upon a prima facie showing by *affidavit* that the alleged contemner had knowledge of the subject order. (*Phillips v. Superior Court,* 22 Cal.2d 256, 257 [137 P.2d 838].) This rule is codified in Code of Civil Procedure section 1211, which, as relevant here, provides: "When the contempt is not committed in the immediate view and presence of the

[1]Parenthetically, we note that when called to the witness stand David exercised his Fifth Amendment rights and refused to testify whether he had such notice or ability to pay. His present wife, also called to the stand, on advice of David's attorney exercised the husband-wife privilege and refused to testify as to such matters.

court, or of the judge at chambers, an affidavit shall be presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees or arbitrators, or other judicial officers. . . ."

 Therefore, in the present posture of the instant contempt proceedings, the superior court would appear to have no power to adjudge David to be in contempt.

But it does not follow that the superior court was otherwise deprived of jurisdiction, or that the contempt proceedings were void *ab initio.* Code of Civil Procedure section 1211.5 (enacted 1970) provides in part: "At all stages of all proceedings, the affidavit or statement of facts, as the case may be, required by Section 1211 shall be construed, amended, and reviewed according to the following rules: . . . (b) The court may order or permit amendment of such affidavit or statement for any defect or insufficiency at any stage of the proceedings, and the trial of the person accused of contempt shall continue as if the affidavit or statement had been originally filed as amended, unless substantial rights of such person accused would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted."[2] Shirley Ann's affidavit may accordingly be amended to allege that David did have notice of the terms of the Contra Costa County judgment.

A related question necessary to the final disposition of the contempt proceedings will undoubtedly in the future be raised in the superior court. We therefore choose to pass upon it (see Code Civ. Proc., § 43, formerly § 53; *Yarrow* v. *State of California,* 53 Cal.2d 427, 439-440 [2 Cal.Rptr.

[2]The full text of Code of Civil Procedure section 1211.5 follows: "At all stages of all proceedings, the affidavit or statement of facts, as the case may be, required by Section 1211 shall be construed, amended, and reviewed according to the following rules:

"(a) If no objection is made to the sufficiency of such affidavit or statement during the hearing on the charges contained therein, jurisdiction of the subject matter shall not depend on the averments of such affidavit or statement, but may be established by the facts found by the trial court to have been proved at such hearing, and the court shall cause the affidavit or statement to be amended to conform to proof.

"(b) The court may order or permit amendment of such affidavit or statement for any defect or insufficiency at any stage of the proceedings, and the trial of the person accused of contempt shall continue as if the affidavit or statement had been originally filed as amended, unless substantial rights of such person accused would be prejudiced thereby, in which event a reasonable postponement, not longer than the ends of justice require, may be granted.

"(c) No such affidavit or statement is insufficient, nor can the trial, order, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the person accused on the merits. No order or judgment of conviction of contempt shall be set aside, nor new trial granted, for any error as to any matter of pleading in such affidavit or statement, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

137, 348 P.2d 687]). This question relates to *proof* of David's knowledge of the terms of the judgment.

■ ▪ While the records of the action from which these proceedings emanate may not supply allegations of jurisdictional facts missing from Shirley Ann's affidavit (see *Phillips* v. *Superior Court, supra,* 22 Cal.2d 256, 257), they may nevertheless, at the hearing on the order to show cause, constitute prima facie evidence of those facts. ■ A court will take judicial notice[3] that an alleged contemner, although not personally present, was represented in court by his attorney who participated in the hearing at which the subject order was made. In such event a *disputable presumption* arises that the alleged contemner had notice of the order. (*Freeman* v. *Superior Court,* 44 Cal.2d 533, 537-538 [282 P.2d 857]; *In re Ferguson,* 123 Cal. App.2d 799, 802-803 [268 P.2d 71]; *Mattos* v. *Superior Court,* 30 Cal. App.2d 641, 647 [86 P.2d 1056], disapproved on an unrelated point by *Phillips* v. *Superior Court, supra,* 22 Cal.2d 256, 258.) And where service of the order has been made on the alleged contemner's attorney, a similar *disputable presumption* of notice to the client arises. (*Freeman* v. *Superior Court, supra,* 44 Cal.2d 533, 537-538; *In re Morelli,* 11 Cal.App.3d 819, 838-839 [91 Cal.Rptr. 72]; *In re Sigesmund,* 193 Cal.App.2d 219, 223-224 [14 Cal.Rptr. 221].)

As said in *Freeman* v. *Superior Court, supra* (pp. 537-538): "It affirmatively appears from the record that when the order for payment of counsel fees and court costs was made, petitioner was represented in court by his attorney, who was thereafter served with a copy of the order. ■ The general rule of agency, that notice to or knowledge possessed by an agent is imputable to the principal, applies for certain purposes in the relation of attorney and client. [Citations.] ■ The rule rests on the premise that the agent has acquired knowledge which it was his duty to communicate to his principal, and the presumption is that he has performed that duty. [Citation.] While under our law the presumption is deemed conclusive for the purposes of civil actions [citation], we do not believe that it should be given that effect for the purpose of a proceeding of a criminal nature, such as a contempt proceeding. On the other hand, *there appears*

---

[3]It is commonplace law that courts will take judicial notice of the records in the cause before them at the moment. (*City etc. of San Francisco* v. *Carraro,* 220 Cal. App.2d 509, 527 [33 Cal.Rptr. 696]; *People* v. *Clay,* 208 Cal.App.2d 773, 778 [25 Cal.Rptr. 464]; *Ward Mfg. Co.* v. *Miley,* 131 Cal.App.2d 603, 608 [281 P.2d 343].) Judicial notice is a form of evidence. (*Estate of Wilson,* 116 Cal.App.2d 523, 527 [253 P.2d 1011].) Referring to the court's power on contempt proceedings it has been held that "an examination will be made of the whole record before the trial court to determine whether there was any substantial evidence before it to sustain its exercise of jurisdiction. . . ." (*Freeman* v. *Superior Court,* 44 Cal.2d 533, 536 [282 P.2d 857].)

*to be no valid objection to treating the presumption as a 'disputable presumption for the purpose of a contempt proceeding. . . .*" (Italics added.)

■ The record of the Contra Costa County action, as we have indicated, discloses that David through his attorney participated in the trial, and that upon entry of the judgment "Notice of Entry of Judgment"[4] was promptly served on the attorney in accordance with the mandate of Code of Civil Procedure section 664.5. Under the authority we have pointed out a disputable presumption would arise therefrom that David had notice of the terms of the judgment.

■ We turn now to David's remaining contention of insufficiency of Shirley Ann's affidavit since it did not allege his ability to make the payments ordered by the judgment.

This contention is without merit. It is the general rule, here applicable, that ". . . the party seeking to enforce an order such as the one as to which petitioner was held in contempt here, is not required to prove the ability of the party charged with contempt to comply with the order but that the contempt is established by proof of the order, the alleged contemner's knowledge of the order and his failure to comply with it and that the burden is upon the alleged contemner to prove his inability to comply with the order in order to purge himself of the contempt. . . ." (*In re Sigesmund, supra,* 193 Cal.App.2d 219, 224.)

In *Sorell* v. *Superior Court,* 248 Cal.App.2d 157, 160-161 [56 Cal.Rptr. 222], it was said: "In a proceeding to punish for contempt, it is generally not necessary that the complainant allege that the contemner has the ability to comply with the order. (*In re McCarty* (1908) 154 Cal. 534, 537 [98 P. 540]; *In re Rasmussen* (1922) 56 Cal.App. 368, 371 [205 P. 72]; *Ex parte Von Gerzabek, supra,* 63 Cal.App. 657, 661 [219 P. 479]; *In re Risner* (1945) 67 Cal.App.2d 806, 809-810 [155 P.2d 667].) [¶] In the *McCarty* case, the court stated that it is not necessary for the wife to allege her spouse's ability to comply with the original order granting alimony. 'The court had originally found that he had such ability, and the only jurisdictional facts required to be stated in the affidavit were the making of the order and disobedience to it by refusal to pay.' (154 Cal. 534, 537-538.) The contemner has an opportunity at the contempt hearing to offer any legitimate excuse for noncompliance with the order, such as financial inability to comply. 'He is in the best position to show why for any reason

---

[4]For the purpose of a contempt proceeding we observe no substantial distinction between service on counsel of "Notice of Entry of Judgment" and service of a copy of the judgment.

he has not obeyed the order, and it is his duty to do so as a matter of defense.' (*Id.* at p. 537.)"

█ A peremptory writ will issue requiring respondent superior court to refrain from finding petitioner David Mossman to be in contempt on the record presently before the court. Real party in interest Shirley Ann Mossman, however, may make such amendments to her supporting affidavits as she may be advised (see Code Civ. Proc., § 1211.5), and the superior court will thereafter take further and appropriate proceedings.

Molinari, P. J., and Sims, J., concurred.