[Civ. No. 25024.   Second Dist., Div. Two.   Nov. 23, 1960.]

GAY ROBINSON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BRUCE HUMBERSTONE, Real Party in Interest.

N. E. Youngblood for Petitioner.

No appearance for Respondent.

Edward M. Raskin and Emmet G. Lavery, Jr., for Real Party in Interest.

NOURSE, J. pro tem.*—This is a petition for a writ of review by means of which petitioner seeks to annul a judgment of respondent court holding her in contempt of that court and imposing certain sanctions upon her because of that contempt.

Petitioner and one Bruce Humberstone, real party in interest here and hereafter called "Humberstone," were husband and wife. In May, 1957, an interlocutory decree of divorce was entered in an action commenced by petitioner and by which the petitioner was adjudged entitled to a divorce.

A property settlement agreement, by the terms of which

---

*Assigned by Chairman of Judicial Council.

Humberstone acknowledged himself to be indebted to the petitioner in the sum of $1,750.75 and agreed to pay her for her support a minimum sum of $250 per month and which gave the custody of the minor child of the parties to petitioner with the right of reasonable visitation in Humberstone, was approved by the court and incorporated as a part of the decree.

Thereafter on February 29, 1960, the respondent court made and entered its order modifying the interlocutory decree and giving the custody of the minor child to Humberstone with rights in the petitioner to reasonable visitation.

On June 21, 1960, the petitioner caused a writ of execution to be issued based upon the monies then due petitioner under the terms of the property settlement agreement. Under this execution the sheriff levied upon and took possession of an automobile of Humberstone's on the *17th of August, 1960.* Thereafter, upon application of petitioner, Humberstone was ordered to show cause why the order of February 29, 1960, should not be modified so as to award custody of the minor child to her and with authorization to her to take said minor child to her home in Greenwich, Connecticut. (Final decree of divorce had been entered and petitioner had remarried.) A hearing upon this order to show cause as to custody of the minor child was continued from time to time over the objections of petitioner and finally set for hearing on December 8, 1960. On July 26, 1960, petitioner secured an order for the appearance of Humberstone as a judgment debtor but on the hearing Humberstone refused to testify on the ground that he might incriminate himself and the hearing was continued and the matter was still pending on September 20, 1960, when the court made the order which petitioner seeks to annul here.

On the *8th of September* petitioner left the State of California taking the minor child with her and now remains with the child outside of the jurisdiction of the respondent court.

Humberstone then instituted the proceedings in which the judgment of contempt here under review was entered. Upon the cause being called in department 8 of the respondent court and before the Honorable Roger A. Pfaff, counsel for petitioner stated that he was making a special appearance to contest the jurisdiction of the court and he then lodged with the court a written instrument entitled "SPECIAL APPEARANCE AND OBJECTION ON BEHALF OF PLAINTIFF . . . RE ORDER TO SHOW CAUSE IN RE CONTEMPT. . . ." By this document he not only attacked the jurisdiction of the court over the person of petitioner but attacked the sufficiency of the affidavit upon which

the order to show cause *re* contempt was based and argued the right of petitioner to proceed with the sale under the execution and with her examination of Humberstone as a judgment debtor. In short his appearance was general.

At the hearing, after the respondent court had overruled the objections of petitioner's counsel to its jurisdiction over the person of petitioner and his objections to the sufficiency of the affidavit upon which the order to show cause was based, he presented to the court an affidavit of petitioner which purported to challenge Judge Pfaff for bias and prejudice in accordance with the provisions of subparagraph 5 of section 170 of the Code of Civil Procedure. This affidavit was dated September 6, 1960, and on its face sought to challenge Judge Pfaff as biased and prejudiced in the matter of the hearing of petitioner's application for modification of the custody order of February 29, 1960. Upon the grounds that the affidavit was not filed in good faith in the proceeding before him and had been made by affiant prior to the institution of that proceeding, the court ordered the affidavit stricken from the files. After extended argument relevant to the affidavit of petitioner and the basis for certain facts stated therein, counsel for petitioner then produced and offered to the court and asked that it be filed, his own affidavit as to bias and prejudice of the judge. Upon motion of Humberstone this affidavit was likewise stricken upon the grounds that it was filed too late and not filed in good faith.

Evidence was then introduced which conclusively proved that petitioner had surreptitiously taken the child from the state in violation of the order placing the child in the custody of Humberstone. At the close of the hearing the court found petitioner in contempt, ordered a bench warrant to issue for the attachment of her person fixing bail at $2,500. He further ordered that petitioner's order to show cause relative to a modification of the custody order of February 29, 1960, an order to show cause filed September 8, 1960, *re* temporary custody of the minor and an order to show cause issued on application of petitioner relative to contempt on the part of Humberstone, be dismissed; and that the proceedings for examination of Humberstone as a judgment debtor be vacated and discharged. He further ordered that the writ of execution theretofore issued be quashed; that the levy thereunder by the sheriff upon the automobile of Humberstone be vacated and set aside and instructed the sheriff to release said automobile to Humberstone.

■ Petitioner attacks the order on numerous grounds. Her first contention is so lacking in merit that it might well be termed frivolous. She asserts that the order for which she was found in contempt was too uncertain and vague to be a basis for the contempt by reason of the fact that it did not restrict her from removing the minor child from the state. She ignores the fact that the order in question granted the custody of the minor child to her ex-husband thus precluding any right in her to take over that custody.

■ She further contends that the contempt order was void because there was no showing "that petitioner was either personally present in court on February 29, 1960, . . . or that she was ever served with a copy of such order dated February 29, 1960." She makes this contention in face of the fact that decisions[1] cited by her to the respondent court establish that it is only necessary to show that she had knowledge of the order. Petitioner had conclusively shown the fact of such knowledge by her own affidavits filed in seeking modification of the order which affidavits were filed with the court prior to the time she abducted the child and are pleaded in the affidavit upon which the order to show cause re her contempt is based.

■ She next contends that the court did not have jurisdiction to adjudge her in contempt after it was challenged for bias and prejudice. While the affidavits of petitioner and her counsel did state facts which in the light of the whole record raise a question of fact as to the bias and prejudice of Judge Pfaff which, under the provisions of section 170 of the Code of Civil Procedure he could not pass upon, we have reached the conclusion that he did not err in refusing to consider those affidavits.

Petitioner was cognizant of the fact that Judge Pfaff was regularly assigned to department 8 of the respondent court in which department the order to show cause re contempt was made returnable. She knew this to be a fact because of her numerous appearances before him in that department. All of the facts set forth in the affidavit of petitioner (we are here assuming that the affidavit would have been sufficient to challenge Judge Pfaff even though it was dated before the institution of the contempt proceedings) and in the affidavit of her counsel were known to them long prior to September 20, the date of the hearing upon the order to show cause. Petitioner did not, at the opening of the hearing, challenge Judge Pfaff

---

[1]*Phillips* v. *Superior Court,* 22 Cal.2d 256 [137 P.2d 838]; *In re DuBois,* 120 Cal.App.2d 890 [262 P.2d 340].

or raise any question as to his bias or prejudice. She first sought to argue not only the question of jurisdiction over her person but the sufficiency of the affidavit upon which the order to show cause was based and not until the court had ruled adversely did she attempt to disqualify it and even then she attempted to do it piecemeal, first by the affidavit of petitioner and when that failed, by the affidavit of her counsel.

It is incumbent upon litigants seeking to disqualify a judge for bias and prejudice to make their challenge of him at the earliest practical opportunity after their appearance in the action and discovery of the facts constituting the grounds of disqualification. It is expressly so provided by the statute which authorizes them to challenge the judge. (Code Civ. Proc., § 170.) Parties claiming that a judge is disqualified cannot participate in a proceeding before him and, after they have lost the "first round," attempt to disqualify him as to the remaining "rounds."

The evidence adduced at the hearing clearly establishes a wilful contempt of the court's order by petitioner. One in contempt may not seek any relief from the court of whose order she is in contempt. (*Weeks* v. *Superior Court,* 187 Cal. 620 [203 P. 93] ; *Kubon* v. *Kubon,* 51 Cal.2d 229 [331 P.2d 636] ; *Knackstedt* v. *Superior Court,* 79 Cal.App.2d 727 [180 P.2d 375].) The court, therefore, was justified in dismissing the orders to show cause instituted by petitioner which were then pending before it, all of which concerned the custody of the minor child which petitioner had abducted in contempt of the court's order. It was, likewise, justified in terminating the proceedings for the examination of Humberstone as a judgment debtor.

In dismissing the order to show cause and vacating the proceedings for the examination of Humberstone as a judgment debtor the court was not acting by way of punishment of petitioner for the contempt but was merely refusing to permit her to use the process of the court in seeking affirmative relief from the court until such time as she had purged herself of her contempt.

What we have just said has, however, no application to the court's attempt to recall and quash the writ of execution or its order to the sheriff to release Humberstone's automobile which was in the possession of the sheriff by virtue of that execution. The execution had issued and the sheriff had performed all of his duties under it, other than a sale of the property seized, long before the occurrence of the contempt.

The seizure by the sheriff of Humberstone's automobile gave petitioner a vested lien in that property. The court's order destroyed that lien and thus forever deprived petitioner of her property for the court could not restore the lien upon petitioner purging herself of the contempt. The court did not, as it had power to do, merely stay the execution of sale until petitioner had purged herself but took from petitioner her property and in effect gave it to her former husband. The effect of the order was to punish petitioner for her contempt by depriving her of a vested interest in the automobile. This the court had no power to do for the only punishment the court could mete out to petitioner for her contempt was that defined in section 1218 of the Code of Civil Procedure.

Real party in interest asserts that even though the court had no power to in effect punish the defendant for contempt by depriving her of her property, this court should, nevertheless, refuse to review this void order so long as petitioner is in contempt. Undoubtedly this court has, in the exercise of sound discretion, the right to deny to a person in contempt of the orders of a respondent court, relief by means of a writ such as is sought here. (*Borenstein* v. *Borenstein,* 11 Cal.2d 301 [79 P.2d 388]; *MacPherson* v. *MacPherson,* 13 Cal.2d 271 [89 P.2d 382]; *Tobin* v. *Casaus,* 128 Cal.App.2d 588 [275 P.2d 792, 49 A.L.R. 1419].) However, under the facts here we would abuse our discretion were we to leave effective an order which inflicted a punishment upon petitioner beyond that which the court would have had power to inflict in finally executing its judgment of contempt and which still leaves the respondent court free in sentencing petitioner for her contempt, to impose upon her the full penalty authorized by law. The situation is no different than if the court, in finally sentencing petitioner for her contempt had imposed upon her the full penalty authorized by law and, in addition, the penalty which it now imposes.

The order of the trial court is annulled insofar and insofar only as it purports to quash the writ of execution issued on the 21st day of June, 1960, in Proceeding Number D505623 in the respondent court and directs the sheriff to release the automobile levied upon and taken into possession by him.

Fox, P. J., and Ashburn, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied January 18, 1961.