Filed 5/7/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE LAS CANOAS COMPANY, INC., <br><br>   Plaintiff and Appellant, <br><br> v. <br><br> EVELYN HOPE KRAMER et al., <br><br>   Defendants and Respondents. | 2d Civil No. B238729 <br> (Super. Ct. No. 56-2011-00394830-CU-BT-VTA) <br> (Ventura County) |

A trial court has statutory authority to determine the "reasonable rate" a court reporter may charge a "non-noticing party" for copies of deposition transcripts in a pending action.  (Code Civ. Proc., §§ 2025.510, 128, subd. (a)(5);[1] *Serrano v. Stefan Merli Plastering Co., Inc.* (2008) 162 Cal.App.4th 1014 (*Serrano*).)  Here we decide that a non-noticing party who does not move for such an order in the pending action may not bring a subsequent action to obtain restitution for "unreasonable" copy charges or obtain injunctive relief setting a "reasonable rate" to be charged by that court reporter in all future actions.

The Las Canoas Company, Inc., doing business as Construction Plumbing (Las Canoas), appeals a judgment of dismissal.[2]  The trial court issued an

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] We construe Las Canoas's premature notice of appeal from the order sustaining the demurrer to be a notice of appeal from the appealable judgment subsequently entered.  (*Collins v. City & Co. of S. F.* (1952) 112 Cal.App.2d 719, 723.)

order sustaining a demurrer without leave to amend a class action filed by Las Canoas against Evelyn Hope Kramer, Merrill Communications, LLC, Legalink, Inc., and Wordwave, Inc. (collectively "the court reporter"). We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In a prior construction defect case, the plaintiffs added Las Canoas as a defendant after 57 depositions had been taken (the Santa Barbara action). Las Canoas's attorney requested the court reporter to provide copies of the depositions. The court reporter quoted a rate of $2 per page. The cost would be about $16,000 for 8,000 pages. Las Canoas offered to pay a $30 flat rate in exchange for a computer disc containing uncertified copies of the transcripts and exhibits. The court reporter did not agree. Las Canoas later purchased copies of three depositions at the rate of $2 per page, at a cost of about $1,200. It did not challenge the court reporter's rate in the Santa Barbara action.

About four years later, Las Canoas filed this action in Ventura County Superior Court against the court reporter. It alleges that it was entitled to copies at a reasonable rate pursuant to section 2025.510, subdivision (c), and that the court reporter's rates are "unlawful" and "unfair" within the meaning of Business and Professions Code, section 17200 et seq. Las Canoas seeks restitution for excessive fees and an injunction to impose one of four limits on the court reporter's future rate for copies furnished to non-noticing parties: (1) 25 cents per page for paper copies; (2) a $25 flat rate for a computer disc containing electronic copies, regardless of the number of pages; (3) a $15 flat rate for an e-mail transmitting electronic copies, also regardless of the number of pages; or (4) a $35 flat fee for "24/7 online access" to all deposition transcripts and exhibits in any particular case. Las Canoas also requests certification of a class consisting of all non-noticing parties who paid the court reporter more than 25 cents per page for copies in the four years preceding February 2011. It also requests costs of suit and attorney fees under the private attorney general doctrine. (§ 1021.5.)

2

The Ventura Superior Court sustained a demurrer without leave to amend. It ruled that it lacks subject matter jurisdiction and the defect cannot be cured by amendment. It reasoned that "[t]he deposition process is central to the administration of civil litigation, and court reporters, as deposition officers, are officers of the court and subject to the court's supervision. A non-noticing party's right to obtain a deposition transcript at a reasonable fee is statutory, and, as determined in [*Serrano*], the means to enforce that right is by motion to the judge presiding over the action in which the deposition is conducted. That judge is in the 'best position' to resolve any dispute. Reserving the issue to be subsequently determined by another judge would undermine the discretion vested in the original trial judge to control proceedings in his or her courtroom." The court found "[p]articularly troublesome" the request for a preliminary injunction "which would, if granted, directly abridge the discretion of judges assigned to future cases to determine the reasonableness of defendant's fees."

DISCUSSION

The superior court does not have subject matter jurisdiction to determine this action for equitable relief from alleged excessive court reporter's fees because Las Canoas did not enforce its right to a reasonable copy rate by motion to the judge presiding over the Santa Barbara action. (§ 2025.510, subd. (c) ["any . . . party or the deponent, at the expense of that party or deponent, may obtain a copy of the transcript"]; *Serrano, supra,* 162 Cal.App.4th at p. 1038.)

A non-noticing party has a statutory right to obtain a copy of deposition transcripts and exhibits at a "reasonable rate." (§ 2025.510, subd. (c); *Serrano, supra,* 162 Cal.App.4th at p. 1036.) The non-noticing party may challenge the "reasonableness" of the rate by motion in the court in which the action is pending. (*Serrano,* at p. 1020.) That court has authority to set the rate under its inherent authority to control the conduct of ministerial officers in pending actions in order to protect the administration of justice. (§ 128, subd. (a)(5); *Serrano,* at p. 1029.)

3

Neither *Serrano* nor section 2025.510 expressly prohibits a separate action to enforce the statutory right to copies at a "reasonable rate." *Serrano* cautioned, "[T]he court in the pending action is in the best position to resolve that dispute in a timely fashion. To defer the determination to a later separate proceeding would be impractical and inefficient and would undermine the trial court's necessary authority under section 128, subdivision (a)(5) . . . ." (*Serrano, supra,* 162 Cal.App.4th at pp. 1038-1039.) We agree, and take *Serrano's* dicta a step further. Here we hold that, absent extraordinary circumstances, the court in the action in which the dispute arises is the only court to resolve the issue.

When no cognizable cause of action is alleged, the trial court lacks subject matter jurisdiction. (*Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 383.) The complaint admits that the rate dispute arose in the Santa Barbara action. Las Canoas may have had a remedy but did not seek relief in that proceeding. It is not entitled to seek relief here.

Las Canoas asked for leave to amend, but did not propose an amendment that would cure the defect. It proposes none on appeal. It did not reply to the respondents' brief. The plaintiff has the burden of proving that there is a reasonable probability a defect can be cured by amendment. (*Blank v. Kirwin* (1985) 39 Cal.3d 311, 318.) The trial court did not err when it sustained the demurrer without leave to amend.

*Disqualification*

Las Canoas forfeited its contention that the trial judge was disqualified pursuant to section 170.1, subdivision (a)(6)(A)(iii) because he used the services of the court reporter while in private practice. The trial judge disclosed the facts to counsel before it ruled on the demurrer and asked if counsel had any comment. Las Canoas's counsel replied, "Not at this time, Your Honor. Thank you though." Las Canoas may not now challenge the judge's qualification. "It is incumbent upon litigants seeking to disqualify a judge for bias and prejudice to make their

4

challenge . . . at the earliest practical opportunity after their appearance in the action and discovery of the facts constituting the grounds of disqualification." (*Robinson v. Superior Court* (1960) 186 Cal.App.2d 644, 649.)

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondents.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Daniel E. Engel for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Vince M. Verde, Allison C. Eckstrom, for Defendants and Respondents.