Filed 12/29/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| AUBREY JESSICA COBLE,<br><br>　　Plaintiff and Appellant,<br><br>v.<br><br>VENTURA COUNTY HEALTH CARE AGENCY et al.,<br><br>　　Defendants and Respondents. | 2d Civil No. B311670<br>(Super. Ct. No. 56-2020-00545919-CU-PT-VTA)<br>(Ventura County) |

　　　　Before a suit for money or damages may be brought against a public entity, the plaintiff must timely present a written claim to the public entity. (Gov. Code, § 945.4.)[1] Appellant failed to timely present her personal injury claim to Ventura County (County) within the six-month statutory period. (§ 911.2, subd. (a).) She also failed to timely apply for leave to present a late claim within the one-year statutory period. (§ 911.4, subd. (b).) Pursuant to section 946.6, she petitioned for relief from the claim presentation time constraints. She appeals from the order denying her petition.

---

　　　　[1] Unless otherwise stated, all statutory references are to the Government Code.

As we shall explain in detail, appellant forfeited her contention that the trial judge should have disqualified herself. Appellant's other contention involves an issue of first impression concerning the meaning of Executive Order N-35-20, issued by Governor Newsom on March 21, 2020. Because of the Covid-19 pandemic, the Governor extended by 60 days the time for presenting a claim to a public entity. The issue here is whether the extension applies only to the six-month statutory period for presenting a timely claim, or whether it also applies to the one-year statutory period for filing an application for leave to present a late claim. The plain meaning of the unambiguous executive order requires us to hold that the extension applies only to the six-month period for presenting a timely claim. Because appellant did not timely apply for leave to present a late claim within the unextended one-year statutory period, the trial court did not err by denying her petition for relief.

*Government Claim Presentation Rules*

"'The Government Claims Act (§ 810 et seq.) "establishes certain conditions precedent to the filing of a lawsuit against a public entity. . . . [A] plaintiff must timely [present] a claim for money or damages [to] the public entity. (§ 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity. (§ 945.4.)" [Citation.] . . . [¶] 'Claims for personal injury must be presented not later than six months after the accrual of the cause of action . . . . (§ 911.2, subd. (a).) . . . [¶] . . .' [¶] . . . However, 'if the injured party fails to [present] a timely claim, a written application may be made to the public entity for leave to present [a late] claim. (Gov. Code, § 911.4, subd. (a).) . . .'" (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219-1220 (*J.J.*).) The application must be presented to the public entity no later than

2

one year after the accrual of the cause of action. (§ 911.4, subd. (b).) Unless the one-year period is tolled (see § 911.4, subd. (c)), the public entity is "powerless to grant relief" if an application for leave to file a late claim was presented after the one-year deadline. (*Hom v. Chico Unified School Dist.* (1967) 254 Cal.App.2d 335, 339.)

"'If the public entity denies the application [for leave to present a late claim], Government Code section 946.6 authorizes the injured party to petition the court for relief from the claim requirements.'" (*J.J., supra*, 223 Cal.App.4th at p. 1220.) "The court shall relieve the petitioner from the [claim] requirements . . . if the court finds that the application to the [public entity for leave to present a late claim] under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] . . . and that one or more [of four criteria] is applicable . . . ." (§ 946.6, subd. (c).) One of the criteria is that "[t]he failure to [timely] present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim . . . ." (*Id.*, subd. (c)(1).)

*Governor's Extension of Statutory*
*Deadline for Presenting a "Claim"*

Paragraph 11 of Executive Order N-35-20 provides: "The time for presenting a claim pursuant to Government Code section 911, et seq., is hereby extended by 60 days. The time within which the Department of General Services may act upon such claim [i.e., the presented claim,] is extended by 60 days."[2]

---

[2] Section 912.4, subdivision (a), provides, "The board shall act on a claim . . . within 45 days after the claim has been presented." "'Board' means: [¶] (a) In the case of a local public

3

(Governor's Exec. Order No. N-35-20 (March 21, 2020), p. 4, ¶ 11.) By Executive Order N-71-20, the Governor extended these times by an additional 60 days. (Governor's Exec. Order No. N-71-20 (June 30, 2020), p. 2, ¶ 6 ["The timeframes set forth in Executive Order N-35-20, Paragraph 11, are extended by an additional 60 days"].) Thus, the total extension is 120 days. Pursuant to Executive Order N-08-21, the 120-day extension applies to claims that accrued before June 30, 2021. (Governor's Exec. Order No. N-08-21 (June 11, 2021), p. 3, ¶ 7e ["Claims accruing before June 30, 2021 will remain subject to the 120-day extension"].)

*Factual and Procedural Background*

Appellant's claim against County accrued on August 2, 2019. On that date she suffered burns to her chest during a magnetic resonance imaging (MRI) scan conducted at Ventura County Medical Center. An electrocardiogram (EKG) test preceded the MRI scan. The burns allegedly were caused by the MRI technician's failure "to ensure [that] all of the leads for [appellant's prior] EKG test had been removed" from her chest.

The six-month statutory period for presenting appellant's claim expired on February 2, 2020, more than one month before the Governor issued Executive Order N-35-20. (§ 911.2, subd.

---

entity, the governing body of the local public entity. [¶] (b) In the case of the state, . . . the Department of General Services." (§ 900.2, subds. (a) & (b).) The first sentence of paragraph 11 of Executive Order N-35-20 apparently grants a 60-day extension for presenting a claim irrespective of whether the claim is presented to a local public entity or the state. In contrast, the second sentence apparently grants only to the state Department of General Services a 60-day extension to act upon a presented claim.

4

(a).)  Appellant did not timely present her claim to County.  On September 15, 2020, more than one year after the accrual of her claim on August 2, 2019, she presented to County's Board of Supervisors (Board) an application for leave to present a late claim.  (§ 911.4, subd. (a).)  The application was denied.

Appellant petitioned the trial court for relief from the claim presentation time constraints.  (§ 946.6.)  Attached to the petition was a proposed complaint for damages.  The complaint consisted of a single cause of action for negligence.

The trial court denied the petition because appellant's prior application to the Board for leave to present a late claim had not been filed within the one-year statute of limitations of section 911.4, subdivision (b).  "[F]iling a late-claim application within one year [after the accrual of the cause of action] is a jurisdictional prerequisite to a claim-relief petition."  (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 713 (*Santee*).)  The trial court rejected appellant's argument "that Executive Order [N-]35-20 extended by 60 days the deadline to file her application for leave" to present a late claim.  The trial court explained, "By its plain language, Executive Order [N-]35-20 extends the deadline for presenting a claim.  By contrast, [section] 911.4 involves only the deadline for filing an application for leave to present a [late] claim.  These are two separate types of filings.  Executive Order [N-]35-20 does not extend the deadline under [section] 911.4, and as a result, the Court is without jurisdiction to grant the petition."

5

*Appellant Forfeited Claim that the Trial*
*Judge Should Have Disqualified Herself*

Appellant claims that the trial judge should have disqualified herself because she had "been employed by Respondent Ventura County less than three years prior" to the hearing on the petition and "she had specifically been employed to provide legal advice to county counsel for the very same county healthcare agency that is the principle [*sic*] respondent in this case." In her motion for reconsideration of the trial judge's denial of her petition, appellant alleged: "In 2014 [the trial court judge] became an assistant county counsel and senior civil attorney for the Ventura County Counsel's office. She remained in that position until she was appointed a judge for the Ventura Superior Court on July 20, 2018."

The disqualification claim is forfeited because appellant did not object when the trial judge disclosed her prior employment at the beginning of the hearing on the petition. The trial court said: "[T]he court is going to make a disclosure . . . that prior to being appointed to the bench I did work for County Counsel's office, and in that line of work I did have occasion to provide counsel to the healthcare system, but I have . . . nothing that disqualifies me from hearing this matter."

This court considered a similar situation in *Las Canoas Co., Inc. v. Kramer* (2013) 216 Cal.App.4th 96, 101 (*Las Canoas*). We reasoned: "Las Canoas forfeited its contention that the trial judge was disqualified . . . . The trial judge disclosed the facts to counsel before it ruled on the demurrer and asked if counsel had any comment. Las Canoas's counsel replied, 'Not at this time, Your Honor. Thank you though.' Las Canoas may not now

challenge the judge's qualification. 'It is incumbent upon litigants seeking to disqualify a judge . . . to make their challenge . . . at the earliest practical opportunity after their appearance in the action and discovery of the facts constituting the grounds of disqualification.'" (*Id.* at p. 101.)

"The purpose of the requirement that alleged grounds for disqualification be asserted at the earliest practicable opportunity is that ""[i]t would seem ... intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not.'"" [Citation.] In other words, '[a] party should not be allowed to gamble on a favorable decision and then raise such an objection in the event he is disappointed in the result.'" (*Tri Counties Bank v. Superior Court* (2008) 167 Cal.App.4th 1332, 1337-1338.)

At the hearing on appellant's motion for reconsideration, the trial judge declared: "I issued a tentative ruling against [appellant]. I disclosed my connection to the County at the beginning of the hearing. [Appellant's] counsel heard my disclosure and proceeded to argue the case. I took the matter under submission, and it was not until after my final ruling was mailed out that I was accused of bias or the appearance of bias."[3]

---

[3] The reporter's transcript of the hearing on the motion for reconsideration is not included in the record on appeal. County moved to augment the record to include the reporter's transcript and other documents filed below. Appellant has not filed opposition to the motion. The motion to augment is granted. (Cal. Rules of Court, rule 8.155(a).)

We reject appellant's claim that, unlike the trial judge in *Las Canoas*, the trial judge here "did not inquire with the parties regarding their stance, leaving the Appellant with no opportunity to challenge the court." Appellant was represented by counsel who should have known that he did not need the court's permission or invitation to object.[4] Appellant, therefore, had an opportunity at the hearing to challenge the trial judge's assertion that "nothing . . . disqualifie[d]" her from hearing the matter.

After the trial judge took the matter under submission at the hearing and before she issued her written ruling, appellant still could have requested that the judge disqualify herself. Appellant cannot be permitted to delay her request until after the judge rendered an adverse ruling.

In any event, appellant could not have been prejudiced by the trial judge's determination that she was not disqualified. As we explain in the next part of this opinion, the trial judge correctly concluded that she lacked jurisdiction to grant appellant's petition. The substantive issue is a straightforward question of law which we review de novo.

*Executive Order N-35-20 Did Not Extend the Time for Filing an Application for Leave to Present a Late Claim*

Appellant argues that Executive Order N-35-20 "is sufficiently broad to include an extension . . . for the presentation of claims by way of an Application [to a public entity] for Leave to

---

[4] At the hearing on appellant's motion for reconsideration, appellant's counsel told the trial court: "[Y]ou never actually gave counsel a chance to comment on whether or not they thought you should be recused or not. You just simply proceeded into your decision on this case with argument. And therefore, I felt like I had no choice but to present my arguments . . . ."

Present a Late Claim" pursuant to section 911.4. "The construction of an executive order presents an issue akin to an issue of statutory interpretation—one that presumably presents a question of law for our independent review on appeal. [Citations.] . . . [W]e read the words of the executive order to determine its purpose. We seek to interpret it in a manner that promotes wise policy, not absurdity. We avoid an interpretation that would render terms surplusage, but seek to give every word some significance, leaving no part useless or devoid of meaning." (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 877; see also *Bassidji v. Goe* (9th Cir. 2005) 413 F.3d 928, 934 ["As is true of interpretation of statutes, the interpretation of an Executive Order begins with its text"].)

A fundamental principle of statutory construction is that, "[i]f there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." . . .'" (*Lennane v. Franchise Tax Board* (1994) 9 Cal.4th 263, 268; see also *Soap & Detergent Ass'n v. Natural Resources Comm.* (1982) 415 Mich. 728, 756-757 [ 330 N.W.2d 346, 359] ["The executive intends the meaning that is clearly expressed; an unambiguous executive order does not need interpretation"].)

There is no ambiguity in the relevant portion of Executive Order N-35-20. The 60-day extension applies to "[t]he time for presenting a *claim* pursuant to Government Code section 911, et seq." (Governor's Exec. Order N-35-20, p. 4, ¶ 11, italics added.) It does not apply to the time for presenting an "application" to a

9

public entity "for leave to present [a late] claim." (§ 911.4, subd. (a).)

Another principle of statutory construction is apposite. Statutory "'language must be construed "in the context of the statute as a whole and the overall statutory scheme . . . ." [Citation.] In other words, "'we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." . . .'"'" (*Estate of Garrett* (2008) 159 Cal.App.4th 831, 836.)

The statutory scheme here clearly distinguishes between a "claim" and an "application." The terms are not synonymous. "Claim," is a word of art. Section 910 sets forth the information that must be included in a claim. The claim must be presented on a form provided by the board to assure that the "claim is deemed in conformity with Section[] 910 . . . ." (§ 910.4.) Section 911.4, subdivision (a) provides, "When a *claim* that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a *written application* may be made to the public entity for leave to present that *claim*." (Italics added.) "The *application* . . . shall state the reason for the delay in presenting the *claim*. The proposed *claim* shall be attached to the *application*." (§ 911.4, subd. (b), italics added.) Section 912.2 provides, "If an *application* for leave to present a [late] *claim* is granted by the board pursuant to Section 911.6, the *claim* shall be deemed to have been presented to the board upon the day that leave to present the [late] *claim* is granted." (Italics added.)

Had the Governor intended to extend not only the six-month statutory period for presenting a timely claim but also the

one-year statutory period for filing an application for leave to present a late claim, he would have said so in Executive Order N-35-20. The order would have provided, "The time for presenting a claim *or application for leave to present a late claim* pursuant to Government Code section 911, et seq., is hereby extended by 60 days." (Italicized language added.)

We cannot redraft the executive order to include the omitted language, "*or application for leave to present a late claim*." "'[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes. [Citations.] This rule has been codified in California as [Code of Civil Procedure] section 1858, which provides that a court must not "insert what has been omitted" from a statute.'"[5] (*People v. Guzman* (2005) 35 Cal.4th 577, 587; see also *People v. Garcia* (1999) 21 Cal.4th 1, 15 ["The Attorney General was unable to cite, nor has our research disclosed, any case in which this court has cured an asserted drafting error by grafting an entire substantive clause onto a statute"].) Moreover, "[u]nder governing principles of statutory construction, 'the expression of one thing in a statute ordinarily implies the exclusion of other things. [Citation.]' [Citation.] Thus, the [executive order's] express inclusion only of [an extension of time for presenting a claim] implies the [Governor's] intent to exclude [an extension of time for applying for leave to present a late claim]." (*Guzman, supra,* at p. 588.)

---

[5] Code of Civil Procedure section 1858 provides, "In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ."

"'[J]udicial construction of unambiguous statutes is appropriate only when literal interpretation would yield absurd results.'" (*People v. Albillar* (2010) 51 Cal.4th 47, 55.) There is nothing absurd in construing Executive Order N-35-20 as not extending the time for applying for leave to present a late claim. Reasonable grounds support treating the six-month statutory period for presenting a claim differently from the one-year period for applying for leave to present a late claim. As previously discussed, the one-year period is jurisdictional. (*Santee, supra,* 220 Cal.App.3d at p. 713; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779 ["When the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief under Government Code section 946.6"].) Thus, the effect of missing the one-year deadline is to put the claimant out of court. No remedy is available. In contrast, the six-month statutory period for presenting a claim is not jurisdictional. Pursuant to section 911.4, the claimant may apply for leave to present a late claim provided that the application is filed within the one-year statute of limitations of section 911.4, subdivision (b).

*Disposition*

The order denying appellant's petition is affirmed. County shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>

YEGAN, J.

We concur:

GILBERT, P. J.                    TANGEMAN, J.

12

Ronda McKaig, Judge

Superior Court County of Ventura

_____

Koorosh K. Shahrokh, for Plaintiff and Appellant.

Clinkenbeard, Ramsey, Spackman & Clark, Hugh S. Spackman and Cathy Anderson, for Defendants and Respondents.